Brockenbrough, J.
The ground on which the circuit superiour court rendered its decree, was, that there was not sufficient matter in the record to shew, that mrs. Smith, the appellee, was privy and consenting to the procurement and execution of Million’s deed of trust of the 9th April 1824, or that she, by express directions, in person or by an agent authorized by her, required or allowed the sheriff' to restore to Million the effects on which he had levied the attachment. It may be true, that she did not give those specific directions: yet if she constituted a general age,nt with full powers to carry ou legal proceedings against Million, for the purpose of securing out of his property the amount of the debt which was afterwards to fall due, and if she afterwards, by her acts or omissions, sanctioned the proceedings of her agent, she is as much bound by his acts, as if she had given him special and particular directions. Now, T think it clear enough, ibat mrs. Smith *172 did constitute her brother Murray Forbes her agent in this transaction, with plenary powers; that he procured and accepted Million’s deed of trust, and it was with his consent, that the property of Million on which the attachment had been levied, was restored to him ; and that mrs. Smith must afterwards have been informed of his proceedings, and acquiesced in and sanctioned them. The attachment was hers, not mrs. Ashby’s: and she was bound to hold on upon the security which it gave her, and not, by letting it go, jeopard the interest of the surety.
Such being my understanding of the facts of the case, the question for adjudication is, whether the release of the attachment lien which the creditor had on specific property of the debtor, is a discharge, in equity, of the surety? In M’Kenny v. Waller, this court adjudged, that the withdrawal of an execution which had been delivered to a sheriff and which the sheriff was about to levy on property, but had not levied, did not absolve the surety, the creditor not binding himself to suspend the execution for any definite time, and having suspended it without any consideration. The same point was adjudged in Alcock v. Hill. I incline to the opinion, that those cases are rendered of doubtful authority by the opinions of our brethren Brooke and Cabell, in Chichester v. Mason; to which we may add the opinion of the president, who had decided that case in the court below. But, however this may be, there is a sensible distinction between them and the case at bar. In those cases, the lien was not complete; it was an inchoate lien on the chattels generally of the debtor: but here was a perfect lien on specific property. In the case of Mayhew v. Crickett, in which the creditor had taken the debtor’s goods in execution, but afterwards withdrew the execution, lord Eldon said, “I think it clear, that though the creditor might have remained passive if he chose, yet if he takes the goods of the debtor in execution, and afterwards withdraws the execution, he discharges *173 the surety, both at law and in equity.” The distinc- , -7T71 7-7 tion between an execution delivered, and one levied,, was strongly adverted to by our late brother Carr, and made the foundation of his opinion, in the case of Chichester v. Mason. So, in Ward v. Vass, 7 Leigh 138. the same judge said, “If the creditor discharges any specific lien on the principal’s property, out of which he might have made the debt, he releases the surety from his obligation.”
Such is the established doctrine as to executions levied; and I think the same reason applies to an attachment levied on the goods of an absconding debtor. The statute places the attachment on the same ground with the execution. It directs, that when judgment is rendered in behalf of the creditor on the attachment, “all goods and effects attached shall be sold and disposed of, for and towards satisfaction of the plaintiff’s judgment, in the same manner as goods taken in execution upon a writ of fieri facias.” The attachment levied, then, being a security which the creditor is entitled to apply in discharge of his debt, he is bound either so to apply it, or to hold it as a trustee for the surety, ready to be applied, should the ,surety desire it (Theobald, p. 143. 2 Swanst. 185.), and if he voluntarily parts with that security, the surety is absolved.
In this case, the creditor, by her agent, did part with a security on which she had a legal hold, and which would have been adequate, if retained, to pay off her whole debt; she was guilty of gross neglect in not regaining the property after she had let go her hold ; and she accepted, by her agent, an inferiour security, so far as regarded the property attached; for although the same chattels which had been levied on were conveyed to the trustees, yet the possession of them, so iar from being given to the trustees, was resumed and retained by the debtor. By this conduct of the creditor, I think that the surety was completely discharged.
I think the decree should be reversed, and the injunction perpetuated.